**Kerry J. Shepherd, OSB #944343**
KerryShepherd@MarkowitzHerbold.com
**Jordan E. Pahl, OSB #194335**
JordanPahl@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CHARLYN ELLIS, an individual, | Case No. 6:24-cv-00205-AA |
| Plaintiff, | **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** |
| v. | |
| CITY OF CORVALLIS, acting by and through the Corvallis City Council, | |
| Defendant. | |

In answer to plaintiff's Complaint, defendant City of Corvallis (the "City" or "Defendant"), by and through its undersigned attorneys, admits, denies, or otherwise responds as follows:

**ANSWER**

1. Answering paragraph 1, the City admits that a due process hearing was previously scheduled for December 18, 2023, and later extended at plaintiff's request to January 16, 2024, and then again extended at plaintiff's request to February 5, 2024, at which the Corvallis City Council was scheduled to consider the stipulated record and a stipulated procedure (*i.e.*, agreed

Page 1 –    DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

to by plaintiff and plaintiff's legal counsel) to decide whether Councilor Ellis violated Section 23(f) of the Corvallis City Charter by attempting, directly or indirectly, by suggestion or otherwise, to influence or coerce the City Manager in the making of an appointment of an officer or employee.  That due process hearing has now been taken off the calendar in light of plaintiff filing this lawsuit.  Except as specifically admitted herein, the allegations in paragraph 1 are denied.

      2.      Paragraph 2 is denied.  Further answering paragraph 2, the allegations therein consist of arguments and legal conclusions for which no response is required.

      3.      Answering paragraph 3, the City admits that plaintiff brings this action and seeks the stated relief.  Defendant denies that plaintiff is entitled to any relief.

      4.      Paragraph 4 is admitted.

      5.      Answering paragraph 5, the City admits that its Council is composed of nine voting Councilors, one elected from each of nine wards.  Except as specifically admitted, paragraph 5 is denied.

      6.      Paragraph 6 is admitted.

      7.      Answering paragraph 7, the City admits that plaintiff chaired a public meeting of the CAAB advisory committee on September 13, 2023; that plaintiff made statements on the record during the course of the CAAB meeting, the contents of which are recorded and transcribed and incorporated by reference in the City's Due Process Hearing Memorandum; and that the City Manager was not present at the CAAB meeting.  Unless expressly admitted herein, paragraph 7 is denied.

      8.      Answering paragraph 8, the City admits that in conjunction with her official duties as a City Councilor plaintiff attended the City Council meeting on September 18, 2023;

that plaintiff made statements on the record during the course of the City Council meeting, the contents of which are recorded and transcribed and incorporated by reference in the City's Due Process Hearing Memorandum; and that the City Manager was not present at this City Council meeting. Unless expressly admitted herein, paragraph 8 is denied.

9. Answering paragraph 9, the City admits that the Mayor, Council President, and City Attorney, met with plaintiff on November 27, 2023, to discuss her conduct at the September 13, 2023 CAAB meeting and the September 18, 2023 City Council meeting; that plaintiff conceded on November 27, 2023, that she had violated Section 23(f) of the City Charter; and at this same meeting plaintiff stated that she would resign her position on City Council and make a statement at the December 4, 2023 City Council meeting as part of her resignation. On December 1, 2023, plaintiff recanted her concession and requested a due process hearing. The City scheduled the due process hearing before City Council for December 18, 2023, and then again on January 16, 2024, and finally on February 5, 2024, the extensions of time being at plaintiff's or legal counsel's request. Unless expressly admitted herein, paragraph 9 is denied.

10. Paragraph 10 is admitted.

11. Paragraph 11 is denied. Further answering paragraph 11, the City refers the Court to the referenced Due Process Hearing Memorandum, the contents of which speak for itself, together with the attached exhibits and referenced videos.

12. Answering paragraph 12, the City admits that the due process hearing was scheduled with the cooperation and consent of plaintiff and her legal counsel for February 5, 2024, after repeated extensions of time. The City removed the due process hearing from the calendar upon the filing of plaintiff's lawsuit.

13. Answering paragraph 13, the City alleges that plaintiff's conduct at the referenced CAAB and City Council meetings violated Section 23(f) of the City Charter in that plaintiff was, "in any manner, directly or indirectly, by suggestion or otherwise, attempt[ing] to influence or coerce the [City] Manager in the making of any appointment . . . of any officer or employee" of the City.  Except as expressly admitted herein, paragraph 13 is denied.

14. Defendant lacks sufficient information to form a belief as to the truth of the allegations in paragraph 14, and therefore denies the same.

15. Paragraph 15 consists of legal conclusions for which no response is required.

16. Paragraph 16 consists of legal conclusions for which no response is required.

17. Paragraph 17 consists of legal conclusions for which no response is required.

18. Answering paragraph 18, defendant realleges its answers to all prior paragraphs.

19. Paragraphs 19 to 23 are denied.

20. Answering paragraph 24, defendant realleges its answer to all prior paragraphs.

21. Paragraphs 25 to 33 are denied.

22. Each allegation of the Complaint not specifically admitted above is denied.

23. Defendant generally denies plaintiff's prayer for relief.

## **AFFIRMATIVE DEFENSES**

24. For further answer and by way of affirmative defenses, and without accepting any burden of proof that would otherwise rest with plaintiffs, defendant alleges:

## **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to state a claim)**

25. Plaintiff fails to state ultimate facts sufficient to state a claim.

## SECOND AFFIRMATIVE DEFENSE

### (Plaintiff's Statements not Protected)

26. Plaintiff's statements were made and/or conduct was taken pursuant to her official duties. For that reason, among others, those statements/conduct were not protected.

## THIRD AFFIRMATIVE DEFENSE

### (Objective, Nondiscriminatory Reasons)

27. The City had valid, legitimate, objectively reasonable, non-discriminatory, and non-retaliatory reasons for all actions taken, and such actions were not based upon any improper motive or taken for any improper purpose.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend this Answer to allege additional affirmative defense and other relief that may be appropriate.

## ATTORNEY FEES

Defendant is entitled to an award of attorney fees and costs pursuant to 42 U.S.C. § 1988(b).

## PRAYER FOR RELIEF

WHEREFORE, having fully answered plaintiff's Complaint, defendant prays for judgment:

1. Dismissing plaintiff's Complaint with prejudice and without recovery to plaintiffs;

2. An award of attorney fees, costs, and disbursements in defending against plaintiff's

Page 5 –    DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
             COMPLAINT

      Complaint, as permissible under existing law; and

3. For such other and further relief as the court deems just and proper.

DATED: February 13, 2024.    MARKOWITZ HERBOLD PC

*s/ Jordan E. Pahl*
Kerry J. Shepherd, OSB #944343
KerryShepherd@MarkowitzHerbold.com
Jordan E. Pahl, OSB #194335
JordanPahl@MarkowitzHerbold.com
*Attorneys for Defendant*

2096824.2

Page 6 –    DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT