

JESSE A. BUSS
411 FIFTH STREET
OREGON CITY, OR 97045
WWW.WLGpnw.COM

PH 503-656-4884
FAX 503-608-4100
JESSE@WLGpnw.COM

*For People & the Places They Love*

February 20, 2024

Honorable Ain Aiken, U.S. District Court Judge
Wayne L. Morse United States Courthouse, Room 5500
405 East Eighth Avenue
Eugene OR 97401-2706
*Via Email to: cathy_kramer@ord.uscourts.gov*

RE:    *Charlyn Ellis vs. City of Corvallis*, 6:24-cv-00205-AA
       Joint letter regarding topics to be covered at February 22, 2024, judicial status conference

Dear Judge Aiken:

        A telephonic status conference is scheduled for this Thursday, February 22nd, at 9:30 a.m. The parties have conferred and now submit this joint letter setting forth their respective positions on scheduling issues that they hope to cover at the status conference.

### Plaintiff's Statement of Position

        The primary issue for discussion at the status conference is the resolution of Plaintiff's Motion for Preliminary Injunction ("Motion"), which has been pending for a month without any response from the City.

        This case, including the Motion, was originally filed in Benton County Circuit Court on January 22, 2024, and was served on the City the following day. A hearing on the Motion was promptly scheduled for February 1st, but the day before the hearing the City removed the case to federal court, so the hearing did not take place. No response to the Motion was filed in state court before the removal, and no response has since been filed in federal court.

        After removal, Plaintiff waited for the City to respond to her Motion. On February 13th, after the City's time to respond to the Motion had expired (under both Oregon state court rules and the federal court rules), Plaintiff's counsel contacted counsel for the City via emailed letter, asking if there was any reason, such as exigent or extenuating circumstances, that prevented the City from timely responding to Plaintiff's Motion. The letter noted that, absent such circumstances, Plaintiff intended to seek a default on the Motion if the City did not file a response to the Motion by February 19th. Counsel for the City responded via email the following day to express that the City does not intend to respond to the Motion at all, based on the City's position that "[t]here is no [Motion for Preliminary Injunction] pending in federal court, and

there is nothing for the defendants to respond to at this time." Counsel for Plaintiff responded by citing *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F3d 791 at 795 (9th Cir. 1996) (applying the "longstanding principle" that, upon removal, the federal court takes the case up where the state court left it off). Counsel for the City then took the position that *Jenkins* is "distinguishable because the moving party there affirmatively renewed its request after removal," and that Plaintiff had not done so here. After additional conferral, this issue remains unresolved.

The Court should resolve Plaintiff's Motion. As in *Jenkins*, Plaintiff's pre-removal Motion should be "properly treated, upon removal, as a pending motion" to be resolved by the Court. *Id.* The City's decision not to respond to Plaintiff's Motion amounts to an improper guerrilla motion for extension of time that this Court should not endorse. The City is not entitled to over a month to respond to Plaintiff's Motion. Every day that passes without a preliminary injunction in place causes further harm to Plaintiff and to Corvallis residents. Although the City has postponed the so-called "Due Process Hearing" previously scheduled for February 5th, and now states (below), for the first time, that it has "no intention of proceeding with a hearing or any other enforcement actions until this Court rules on the constitutionality of the provision at issue," the local prosecution against Plaintiff remains live, and political speech remains chilled in Corvallis. Plaintiff therefore remains entitled to a preliminary injunction during the pendency of this case. This Court should therefore either order the City to immediately respond to the pending Motion, or enter a default order granting Plaintiff's Motion in light of the City's failure to respond. Further delay is unwarranted.

The City wants to bypass the pending Motion so it can file its own motion for summary judgment instead. While setting a summary judgment briefing schedule is fine, doing so is no reason to delay or forego a decision on Plaintiff's Motion. Plaintiff is entitled to a decision on that pending Motion.

## Defendant City of Corvallis' Statement of Position

The City of Corvallis ("the City") requests that the Court resolve this matter on cross-motions for summary judgment and set a briefing schedule to that effect, rather than proceeding with the intermediate step of a motion for preliminary injunction. The City is prepared to file a motion for summary judgment on March 7, 2024, or as the court directs.

During counsels' conferral call on February 19, 2024, the City's counsel proposed – and plaintiffs' counsel agreed – that this matter can be resolved on cross-motions for summary judgment. The only area of misalignment was whether plaintiff should convert her state-court preliminary injunction motion into a summary judgment motion, or whether the parties should rely on the Court to *sua sponte* convert it to summary judgment motion. The City's position is that plaintiff should convert the motion to summary judgment and argue the appropriate legal standard, rather than focusing on an injunction standard.

By way of background, plaintiff originally filed this action in Benton County Circuit Court, after agreeing to the process, procedure, and stipulated factual record for a due process hearing before the City Council. In plaintiff's state court action, plaintiff filed a motion for a preliminary injunction to prevent the City from holding a hearing to determine whether she

violated the Influence or Coercion Clause of Section 23(f) of the Corvallis City Charter.  The City removed the case to federal court on January 31 and cancelled the hearing to which plaintiff objected pending resolution of this lawsuit.  We also informed plaintiffs' counsel that the due process hearing had been taken off calendar in light of the lawsuit.  The City then filed its answer to Councilor Ellis' complaint in federal court on February 13.

Following removal, plaintiff did not refile the preliminary injunction motion in federal court, and did not reach out to either the City or the Court to schedule a hearing or establish a briefing schedule.  The City understands that a federal court does not *sua sponte* take up motions filed in state court unless they are refiled in federal court.  The City articulated this position to Councilor Ellis' attorney, who has not refiled the motion, asked for a briefing schedule, or sought a hearing date.

Regardless of the above, the parties agree that cross-motions for summary judgment are appropriate and that, at this point, it does not appear as though any discovery will be necessary to resolve the merits of plaintiff's claims.  In support of its summary judgment motion, the City intends to rely on the Due Process Hearing Memorandum submitted to the City Council, the exhibits attached to that memorandum, and any non-controversial facts about the processes leading to that hearing, which has been cancelled to accommodate this lawsuit.  Plaintiff attached the Hearing Memorandum to her Motion for Preliminary Injunction filed in the state court proceeding, although did not include any of the exhibits.

It bears emphasizing that the Court is not being asked in this lawsuit to determine whether Councilor Ellis violated the Charter provision at issue; rather, at issue in this lawsuit is the constitutionality of the Influence or Coercion Clause of Section 23(f).  If the Court determines that the provision is constitutional, only then would the City Council proceed with a hearing to determine the merits of the allegation that Councilor Ellis violated the Influence or Coercion Clause of Section 23(f).  The City has no intention of proceeding with a hearing or any other enforcement actions until this Court rules on the constitutionality of the provision at issue.

Based on the foregoing, the City requests that the Court resolve this matter on cross-motions for summary judgment and set a briefing schedule to that effect.

Respectfully submitted:

/s/ Jesse A. Buss                    /s/ Kerry Shepherd
Jesse A. Buss                        Kerry Shepherd
*For Plaintiff*                      *For Defendant*