

**City Manager's Office**
501 SW Madison Avenue
PO Box 1083
Corvallis, OR 97339-1083
(541) 766-6901
FAX: (541) 766-6780
City.Manager@corvallisoregon.gov

December 6, 2023

Charlyn Ellis
Ward 5 Councilor
519 NW 21st Street
Corvallis, OR 97330

Dear Councilor Ellis:

Please find enclosed with this letter a copy of a Resolution Regarding a Violation of Charter Section 23(f) and Declaring a Vacancy in the Ward 5 Council Position, a draft of which you previously received on November 30, 2023. Pursuant to your request, the City Council has scheduled a due process hearing for December 18, 2023, to be held during the regular City Council meeting commencing at 6:00 p.m.

As previously explained by the City Attorney, you have a right to be present at the hearing, to defend yourself, to be represented by an attorney, and to receive any transcript. If you retain an attorney, please provide, or request your attorney provide notice of that representation to me. In addition, if your attorney deems it necessary for more time to prepare for the hearing, please let me know right away.

Please also find enclosed a Declaration related to the events leading up and including your request for a hearing.

Sincerely,

Alex Downing
Corvallis City Recorder

Enclosures

Exhibit 5
Page 1 of 4

RESOLUTION 2023-\_\_\_\_

## A RESOLUTION REGARDING A VIOLATION OF CHARTER SECTION 23(f) AND DECLARING A VACANCY IN THE WARD 5 COUNCIL POSITION

Minutes of the _____, Corvallis City Council meeting, continued.

A resolution submitted by Councilor _____.

WHEREAS, Corvallis City staff, City Manager, City Councilors and community members raised concerns to the City Manager, City Attorney, City Council President and City Council Vice President about whether Councilor Charlyn Ellis' actions at the September 13, 2023 Corvallis Climate Action Board and at the September 18, 2023 City Council meeting violated Corvallis Charter provisions prohibiting City Councilors from interfering with the City Manager's administration of the City; and

WHEREAS, Section 23(f) of the Corvallis Charter reads as follows:

> (f)   Interference in administration and elections. Neither the Mayor nor any member of the Council shall in any manner, directly or indirectly, by suggestion or otherwise, attempt to influence or coerce the Manager in the making of any appointment or removal of any officer or employee or in the purchase of supplies; or attempt to exact any promise relative to any appointment from any candidate for Manager, or discuss, directly or indirectly, with the Manager the matter of specific appointments to any City office or employment. A violation of the foregoing provisions of this section shall forfeit the office of the offender. Nothing in this section shall be construed, however, as prohibiting the Council, while in open session, from discussing with or suggesting to the Manager, fully and freely, anything pertaining to the City affairs or the interests of the City.

; and

WHEREAS, Section 6 of the Corvallis Charter reads as follows:

> Section 6. **Exercise of Powers.** All rights, powers, privileges, and immunities of the City shall be exercised in the manner prescribed in this Charter, or, if the manner be not prescribed in this Charter, then in the manner provided by ordinance or resolution of the Council or the laws of the State of Oregon.

; and

WHEREAS, the City Charter does not expressly prescribe the process used to acknowledge or determine if the Mayor or a City Councilor has violated Section 23(f); and

WHEREAS, the City Charter does not expressly prescribe the process used to acknowledge or determine if the Mayor or a City Councilor has forfeited their office for a violation of Section 23(f); and

WHEREAS, the laws of the State of Oregon do not expressly provide a process to follow to acknowledge or determine if a City Councilor violated Section 23(f) and has forfeited their office; and

WHEREAS, the City Charter states in Section 5 that "[t]he Charter shall be liberally construed to the end that the City may have all powers necessary or convenient for the conduct of its municipal affairs...."; and

WHEREAS, the City of Corvallis has enacted an Ordinance, now codified as Corvallis Municipal Code Section 1.119.020.010, which states that *"Sturgis Standard Code of Parliamentary Procedure* is hereby adopted to govern the proceedings of Council, its committees, and advisory boards and commissions for all procedures not expressly addressed by City Charter, ordinance or resolution."; and

WHEREAS, *Sturgis Standard Code of Parliamentary Procedure*, 2nd Edition, pages 225 through 226 sets out a process for consideration of the discipline or expulsion of a member because of allegations of "a violation of an important duty to the organization, a breach of a fundamental rule or principle of the organization, or for any violation stated in the bylaws as a ground for expulsion. . ."; and

WHEREAS, after providing written notice of the allegation to Councilor Ellis in the form of a draft of this resolution, and the time and day of the hearing to be held at the **regular** City of Corvallis City Council meeting December ____ 2023, the City Council, following the process from *Sturgis Standard Code of Parliamentary Procedure*, held a hearing; and

WHEREAS, the purpose of the hearing was for the City Council to determine if, at the September 13, 2023 Climate Action Advisory Board meeting, or if at the September 18, 2023 City of Corvallis City Council meeting (as demonstrated in the video recordings set out in these recitals), or if by actions at both meetings, Councilor Ellis violated Section 23(f) of the Corvallis Charter; and

WHEREAS, Councilor Ellis has an actual conflict of interest in this matter and is prohibited by state law from participating in deliberations or from voting on this matter, but the City Council provided an opportunity for Councilor Ellis to testify, to explain, to argue and to defend Councilor Ellis' actions; and

WHEREAS, Charlyn Ellis is the City Councilor representing Ward 5, duly elected and sworn into office on January 3, 2023; and

WHEREAS, Councilor Ellis is the Chair of the Corvallis Climate Action Advisory Board; and

WHEREAS, on September 13, 2023, the Corvallis Climate Action Advisory Board met in open session with Councilor Ellis presiding; and

WHEREAS, during the September 13, 2023 Corvallis Climate Action Advisory Board meeting, Councilor Ellis introduced and discussed a concern that the Corvallis Climate Action Advisory Board had insufficient staff support to conduct its meetings and work and advocated to the Climate Action Advisory Board that it adopt a motion recommending that the City Council direct the City Manager to post and fill a specific position with a specific job title and specific duties to support the work of the Corvallis Climate Action Advisory Board within a specific amount of time; and

WHEREAS, the Corvallis Climate Action Advisory Board passed such a motion at the September 13, 2023, meeting; and

WHEREAS, the video recording of this discussion and the deliberations of the Corvallis Climate Action Advisory Board on September 13, 2023 is incorporated and included as evidence supporting this resolution by this reference, and can be found on the City website at https://vimeo.com/864621682 and begins approximately 38 minutes into the recording; and

WHEREAS, in the regular City of Corvallis City Council meeting held September 18, 2023, Councilor Ellis moved "to direct the City Manager to post the full-time job position of Climate Program specialist within two weeks and provide an update of the hiring process at every meeting until the position is filled," which motion was later amended by substitution; and

WHEREAS, the motion brought by Councilor Ellis to the City Council was not the same wording as the motion the Climate Action Advisory Board approved; and

WHEREAS, the City Manager was not present at the September 18, 2023, regular City of Corvallis City Council Meeting; and

WHEREAS, the video recording of the motion and the subsequent deliberations of the City of Corvallis City Council on September 18, 2023 is incorporated and included as evidence supporting this resolution by this reference, and can be found on the City website at https://vimeo.com/866087718?share=copy and begins approximately two hours and fourteen minutes into the recording; and

WHEREAS, the actions of Councilor Ellis at the Corvallis Climate Action Advisory Board were a direct and indirect attempt to influence the City Manager in the appointment of an employee and an attempt to discuss indirectly with the City Manager the matter of specific appointment to City employment; and

WHEREAS, the actions of Councilor Ellis at the City of Corvallis City Council meeting were a direct attempt to influence the City Manager in the appointment of an employee and an attempt to discuss directly with the City Manager the matter of specific appointment to City employment; and

WHEREAS, the City Council deliberated and determined this matter by a majority vote.

NOW, THEREFORE, THE CITY COUNCIL OF THE CITY OF CORVALLIS RESOLVES that it adopts and approves the recitals set out in this resolution as its findings and conclusions; and

BE IT FURTHER RESOLVED that based on the recitals set out in this resolution, Councilor Charlyn Ellis violated Section 23(f) of the Corvallis City Charter and has forfeited her office as a Councilor effective immediately; and

BE IT FURTHER RESOLVED that as a vacancy exists in the position of Corvallis City Councilor representing Ward 5, the City Manager is directed to conduct robust public outreach to invite and solicit nominations for the position from Ward 5 so the City Council can timely fill the position by appointment for the remainder of the current Council term, in a manner consistent with Corvallis Charter Section 34 and Corvallis Municipal Code Section 1.03.110(2).

_____
Councilor

Upon motion duly made and seconded, the foregoing resolution was adopted, and the Mayor thereupon declared said resolution to be adopted.