Jesse A. Buss, OSB No. 122919
Willamette Law Group, PC
411 Fifth Street
Oregon City OR 97045-2224
Tel: 503-656-4884
Fax: 503-608-4100
Email: jesse@WLGpnw.com

Thomas M. Christ, OSB No. 834064
Sussman Shank LLP
1000 SW Broadway, Suite 1400
Portland OR 97205
Tel: 503-227-1111
Fax: 503-248-0130
Email: tchrist@sussmanshank.com

*Attorneys for Plaintiff Charlyn Ellis*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CHARLYN ELLIS**,** an individual, | Case No. 6:24-cv-00205-AA |
| Plaintiff, | **Plaintiff's Reply in Support of Motion for Summary Judgment** |
| v. | |
| CITY OF CORVALLIS, acting by and through the Corvallis City Council, | |
| Defendant. | |

The City's reply mostly restates the arguments in it motion, perhaps a little louder, in case the Court didn't hear them the first time.[1] Between the preliminary injunction and these motions for summary judgment, the Court has surely heard enough of the parties' arguments on the merits, so Councilor Ellis will limit this reply to the one new issue that the City has raised in its reply: standing.

Of course, it's not really a "standing" argument, not in the usual sense. The City is not arguing that Councilor Ellis has no right to bring this case, only that she can't challenge the City's allegations that she should be expelled from her position in part for "discussing" a forbidden subject—appointments to any City office or employment—and to have done so in, among other places, an open session of the city council. According to the City, those allegations have not been in play since the City hired an outside lawyer who reviewed the situation and wisely advised the City to backpaddle furiously from the most problematic (for the City) parts of its efforts to remove Councilor Ellis from office: the parts relating to her "discussions" and, moreover, to her discussion in a city council meeting.

There are two main problems with this so-called standing argument. First, those allegations are still in the charging instrument,[2] the Expulsion Resolution. That document, which the City was prepared to adopt until Councilor Ellis demanded a hearing, makes clear that she

---

[1] The reply also includes new evidence, the declarations of Mark Shepard and James Brewer. The declarations add nothing relevant and are mostly just a repeat of the City's arguments in the guise of "facts." *See*, *e.g.*, ECF 20 (Brewer Declaration) at ¶ 3 (explaining how, in his opinion, the relevant city charter provisions create a "separation of powers," as argued in the City's motion).

[2] The City notes that the resolution is not a charging instrument as that term is used in the Oregon Criminal Code. Of course it's not. That's still an accurate description of the role the resolution is playing in this affair. Indeed, the City was the first to use that description. *See* ECF 11-5 (City's local hearing memorandum) at 4-5 (stating that "the City of Corvallis has charged Councilor Ellis with violating the Charter," and that "[t]hese charges are reflected in the [Expulsion] Resolution.").

was being expelled for her discussions of an employment matter in a city council meeting, among other places:

> "[D]uring the September 13, 2023 Corvallis Climate Action Advisory Board meeting, Councilor Ellis introduced *and discussed* a concern that the Corvallis Climate Action Advisory Board had insufficient staff support to conduct its meetings and work and advocated to the Climate Action Advisory Board that it adopt a motion recommending that the City Council direct the City Manager to post and fill a specific position with a specific job title and specific duties to support the work of the Corvallis Climate Action Advisory Board within a specific amount of time;
>
> "* * * * *
>
> "[T]he actions of Councilor Ellis at the City of Corvallis City Council meeting were a direct attempt to influence the City Manager in the appointment of an employee *and an attempt to discuss directly with the City Manager the matter of specific appointment to City employment*;
>
> "NOW, THEREFORE, THE CITY COUNCIL OF THE CITY OF CORVALLIS RESOLVES * * *
>
> "BE IT FURTHER RESOLVED that based on the recitals set out in this resolution, Councilor Charlyn Ellis violated Section 23(f) of the Corvallis City Charter and has forfeited her office as a Councilor effective immediately; and
>
> "BE IT FURTHER RESOLVED that as a vacancy exists in the position of Corvallis City Councilor representing Ward 5, * * *"

ECF 16-1 (Expulsion Resolution) at 2-3 (emphasis added).

It doesn't matter that the City's outside counsel has walked away from the parts of the resolution that would remove Councilor Ellis for her discussing certain topics at, among other places, a city council meeting. Those are still parts of the resolution, which has not been amended or withdrawn and still puts Councilor Ellis at risk of losing her office but for this Court's preliminary injunction. There is no certainty that the resolution will pass in current form if the injunction were lifted. But nothing in the future is certain, and in any event, the standing rules don't require that. There is a sufficiently credible threat that Council Ellis will be expelled

from office for the reasons stated in the resolution—all of the reasons, including the ones the City is now soft-pedaling—to give her standing to challenge those reasons—all of them, again—on constitutional grounds.[3] Plus, Councilor Ellis has made it clear that she will continue to "discuss" prohibited subjects with the city manager, in violation of the charter provision. ECF 16 at 5, ¶ 18. So these same legal issues will continue to arise.

The other problem with the City's standing argument is that, even if the City were to amend or even withdraw the resolution and declare (in a way it could not later recant) that it won't try to expel Councilor Ellis for discussions of forbidden topics, including discussion of them at council meetings, there is still the fact that that the City *did* try to expel her for those things *before*. If what the City did violates Councilor Ellis's rights in some respects, as she alleges, the City's promise to quit doing that doesn't absolve it from liability for having already done it to some extent. It might preclude her from getting prospective relief in the form of an injunction against further harm, but it does not preclude her from getting damages for harm already occurred, which is some of the relief she is seeking.

The City tried to get Councilor Ellis to quit and then tried to expel her for some reasons that it now says, in the course of objecting to her standing to complain about those reasons, were not well-considered. That belated "standing" argument does not defeat that part of her claim, but rather *proves* it. The standing argument should thus be taken for what it really is: as a concession of that part of her claim.

/ / / / /

/ / / / /

---

[3] The fact that the City's hearing memorandum doesn't mention some parts of the resolution doesn't make them go away. A prosecutor's trial brief might not discuss all of the charges in the indictment. That doesn't make the unmentioned charges disappear. The defendant remains in jeopardy on them. So, too, here.

For the reasons above and in Councilor Ellis's prior memoranda, the Court should grant her motion for summary judgment and deny the City's cross-motion.

Respectfully submitted on May 16, 2024.

     /s/ Jesse A. Buss
Jesse A. Buss
Willamette Law Group, PC

     /s/ Thomas M. Christ
Thomas M. Christ
Sussman Shank LLP

*Attorneys for Plaintiff Charlyn Ellis*